## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHANIE LEE CARR | * | |
| 19104 Golden Cocoon Place | | |
| Lutz, Florida 33558, | * | |
| | | |
| Plaintiff, | * | Case No. |
| | | |
| vs. | * | _____ |
| | | |
| DOUBLE T DINER | * | |
| 1 Mountain Road | | |
| Pasadena, Maryland 21122 | * | |
|     SERVE: Konstantine J. Prevas | | |
|           231 East Baltimore Street | * | |
|           Suite 702 | | |
|           Baltimore, Maryland 21202 | * | |
| and | | |
| | * | |
| TJL, INC. | | |
| 1 Mountain Road | | |
| Pasadena, Maryland 21122 | * | |
|     SERVE: Konstantine J. Prevas | | |
|           231 East Baltimore Street | * | |
|           Suite 702 | | |
|           Baltimore, Maryland 21202 | * | |
| and | | |
| | | |
| TJL, INC. t/a DOUBLE T DINER | * | |
| 1 Mountain Road | | |
| Pasadena, Maryland 21122 | * | |
|     SERVE: Konstantine J. Prevas | | |
|           231 East Baltimore Street | * | |
|           Suite 702 | | |
|           Baltimore, Maryland 21202 | * | |
| and | | |
| | * | |
| SPYROS KOROLOGOS | * | |
| 8381 Governors Grayson Way | | |
| Ellicott City, Maryland 21043 | * | |
| | | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**

Plaintiff Stephanie Lee Carr hereby sues defendants Double T Diner, TJL, Inc., TJL, Inc. t/a Double T Diner, and Spyros Korologos, and in support thereof alleges:

### Jurisdiction and Procedural Prerequisites

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1343.

2. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

3. All conditions precedent to jurisdiction have been met. The U.S. Equal Employment Opportunity Commission issued the Notice of Right to Sue on December 3, 2009.

### Parties

4. Plaintiff is an adult citizen of the State of Florida, and at all pertinent times, she was employed by Double T Diner as a waitress in Anne Arundel County, Maryland.

5. Defendant TJL, Inc. is a Maryland entity, and at all pertinent times, traded as Double T Diner and conducted business at multiple locations in Maryland including the Double T Diner, at 1 Mountain Road, Pasadena, Maryland 21122.

6. Defendant Spyros Korologos is an adult resident of the State of Maryland, and at all pertinent times, was employed

by Double T Diner. Defendant Korologos is the son of one of the owners of Double T Diner.

### Allegations of Fact Common to All Counts

7. Plaintiff Carr was employed as a waitress at the Double T Diner from May 21, 2007 to September 13, 2007.

8. Defendant Korologos was employed by Double T Diner throughout plaintiff's tenure and was held out to be a manager.

9. Throughout her tenure at the Double T Diner, plaintiff was forced to work in a sexually abusive and hostile work environment due to the acts of defendant Korologos. Among other things, plaintiff was (a) publicly subjected to intimidation, ridicule and insult, on the basis of her sex; (2) subjected to unwanted sexual advances; (3) touched and grabbed; and (4) subjected to profane, sexually graphic, and vulgar language. The conduct occurred in front of and with the knowledge of the managers, supervisors and owners of the defendants.

10. On September 7, 2007, defendant Korologos violently grabbed plaintiff in her vaginal area.

11. As a result, defendant Korologos was criminally charged, and on April 17, 2008, he was found guilty of fourth degree sex offense and second-degree assault. On his motion, he was given probation before judgment.

3

12. On May 15, 2009, defendant Korologos was found guilty of violation of probation and the guilty verdict was imposed on the fourth degree sex offense and second degree assault perpetrated against plaintiff.

13. Defendant Korologos had a long history of similar illegal conduct in the workplace. Nonetheless, he was not discharged or disciplined.

14. Prior to plaintiff's tenure, defendant Korologos was known by defendants to have engaged in similar illegal conduct in the workplace, which led to at least one prior "founded" Charge of Discrimination before the U.S. Equal Employment Opportunity Commission.

15. Further, even after the criminal conviction for the acts perpetrated against plaintiff, defendants retained defendant Korologos in their employ at Double T Diner.

16. The hostile and abusive work environment was so severe and pervasive that it interfered with plaintiff's ability to do her job, and with her psychological well-being. Ultimately, the defendant's conduct rendered the conditions of plaintiff's employment so intolerable that she could no longer work in the hostile environment and was compelled to resign.

17. Defendants had no meaningful policy for prevention of or reporting sexual harassment.

18. As a result of the acts described herein, plaintiff suffered and will continue to suffer serious mental anguish and extreme emotional distress, as well as economic losses.

### Count I

#### Title VII – Sexual Harassment

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18.

20. Defendants undertook a course of discriminatory and harassing treatment of plaintiff based on her sex, as alleged herein, including but not limited to creating a hostile and abusive working environment and constructively discharging her.

21. Defendants undertook the actions alleged herein with malice or with reckless indifference to plaintiff's rights.

WHEREFORE, plaintiff Stephanie Carr seeks compensatory and punitive damages in the amount of $300,000.00, against defendants Double T Diner and TJL, Inc., jointly and severally, her attorneys fees and expenses and costs, and such additional relief as the Court deems just.

### Count II

#### Wrongful Discharge

22. Plaintiff incorporates by reference the allegations of paragraphs 1 through 21.

23. In requiring plaintiff to endure physical and sexual assault, crimes under Maryland statutory law, as a condition of her employment, defendants violated a clear mandate of Maryland public policy.

24. Defendants, by requiring plaintiff to endure physical and sexual assault as a condition of her employment, rendered the conditions of plaintiff's employment so intolerable that she could no longer work and was compelled to resign.

25. As a direct result of that wrongful discharge, plaintiff has suffered injuries and economic losses.

WHEREFORE, plaintiff Stephanie Carr seeks compensatory damages in the amount of $1,000,000.00, plus punitive damages in the amount of $1,000,000.00, against defendants Double T Diner and TJL, Inc., jointly and severally, and such additional relief as the Court deems just.

### Count III

#### Negligent Hiring/Retention

26. Plaintiff incorporates by reference the allegations of paragraphs 1 through 25.

27. Defendants Double T Diner and TJL, Inc. breached their duty to exercise reasonable care in selecting and retaining their employees, in that they knew of defendant Korologos'

6

tendencies to abuse and sexually assault women, and yet they hired and retained him in their employ in a position in which he could abuse and sexually assault women employees, creating a danger in the workplace.

28.  As a direct result of that breach of duty, plaintiff was abused and assaulted, and has suffered injuries and economic losses.

WHEREFORE, plaintiff Stephanie Carr seeks compensatory damages in the amount of $1,000,000.00, plus punitive damages in the amount of $1,000,000.00, against defendants Double T Diner and TJL, Inc., jointly and severally, and such additional relief as the Court deems just.

### Count IV

#### Battery

29.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 28.

30.  Defendant Korologos subjected plaintiff Carr to unwanted and offensive touchings, including the sexual assault perpetrated on September 7, 2007, causing her physical injury and emotional distress.

31.  Defendant Korologos committed the offensive non-consensual touchings and assaults with actual malice.

7

32. Defendants Double T Diner and TJL, Inc. knowingly created a workplace where such misconduct was accepted and ratified.

33. Defendants Double T Diner and TJL, Inc. are vicariously liable for the intentional acts of their employee defendant Korologos.

34. As a direct result of the batteries, plaintiff has suffered injuries and economic losses.

WHEREFORE, plaintiff Stephanie Carr seeks compensatory damages in the amount of $1,000,000.00, plus punitive damages in the amount of $1,000,000.00, against defendants Double T Diner, TJL, Inc., and Spyros Korologos, jointly and severally, and such additional relief as the Court deems just.

*Kathleen Cahill*
_____
Kathleen  Cahill
The Law Offices of
      Kathleen Cahill, LLC
15 East Chesapeake Avenue
Towson, MD  21286
410-321-6171
410-821-7740 fx
Bar No. 02006


Attorney for Plaintiff