```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

STEPHANIE LEE CARR,           *
                              *
        v.                    *  Civil Action WMN-10-CV-00230
                              *
DOUBLE T DINER et al.         *

   *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is Defendants' Joint Motion to Compel Discovery Responses. Paper No. 17. The parties have fully briefed the motion. Upon review of the pleadings and applicable case law, the Court determines that the Motion to Compel will be granted as set forth below.

## I.  BACKGROUND

Plaintiff Stephanie Lee Carr brought four claims against her former manager and employer alleging Title VII sexual discrimination, wrongful discharge, negligent hiring, and battery. The claims stem from Plaintiff's four-month tenure as a waitress at the Double T Diner. Defendant TJL, Inc. (TJL) owned the Double T Diner in question and employed Defendant Spyros Korologos (Korologos) as the diner's manager.

Plaintiff alleges she was forced to work in a hostile work environment created by Korologos' sexually harassing behavior. She claims Korologos subjected her to public ridicule and insult on the basis of her sex, made unwanted sexual advances, used

sexually graphic and vulgar language, and grabbed and groped her. She also claims he sexually assaulted her, an act for which he was later found criminally liable. After the assault, Plaintiff alleges her work environment was so hostile that she was unable to perform her duties and was compelled to resign. Finally, she claims TJL was aware of Korologos' behavior yet failed to discipline or discharge him.

In discovery, Defendants now seek information regarding Plaintiff's mental health. Specifically, they request the identities of all doctors, therapists, and counselors with whom Plaintiff consulted approximately one year prior to and three years after her employment with Defendants. They also seek all medical records generated as a result of those consultations.

Plaintiff objects to these requests, arguing such information is not relevant because her mental state is not at issue. She submits that her mere "garden variety"[1] Title VII claim, absent allegations of extraordinary emotional distress, does not involve any mental anguish beyond that which an average woman subjected to sexual harassment would suffer. Since she makes no claim for any resulting mental condition, treatment, or

---

[1] Courts have defined "garden variety" Title VII discrimination cases as those for which the plaintiff seeks only to recover "for the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel if he or she were the recipient of an adverse employment action attributed to discrimination." Owens v. Sprint/United Mgmt. Co., 221 F.R.D. 657, 660 (D. Kan. 2004).

expense, and since she does not intend to call an expert regarding her emotional distress, Plaintiff argues her medical history is beyond the scope of this lawsuit.

Defendants counter Plaintiff's objection by arguing her mental state is at issue because she seeks emotional distress damages. Furthermore, they argue Plaintiff failed to respond to Defendants' discovery requests in a timely manner, thereby waiving any objections she may have had.

## II. **Waiver**

Federal Rule of Civil Procedure 33(b)(4) provides that any interrogatory objection not made in a timely manner is waived, "unless the court, for good cause, excuses the failure." This Court excuses the failure. Both parties have sought various discovery deadline extensions from each other, Plaintiff's delay of a few days was minimal, and Defendants allege no prejudice or adverse impact resulting from the delay. Accordingly, this Court will now address the merits of Plaintiff's objection to the discovery requests.

## III. **Relevancy**

To be discoverable, information must be relevant to any party's claim or defense, though it need not be admissible at trial. Fed. R. Civ. P. 26(b)(1). Courts broadly construe relevancy within the context of discovery to encompass any matter that bears or may bear on any issue that is or may be in

the case. Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D.W. Va. 2000) (citing Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 350 (1978)). Nevertheless, discovery has "ultimate and necessary boundaries." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Requests regarding matters not directly relevant to the lawsuit are impermissible. Id. at 508; see also Bridges v. Eastman Kodak, Co., 850 F. Supp 216, 223 (S.D.N.Y. 1994) ("[I]t must be emphasized that defendants may not engage in a fishing expedition by inquiring into matters totally irrelevant to the issue of emotional distress. In other words, the scope of the inquiry must be limited to whether, and to what extent, the alleged harassment caused plaintiffs to suffer emotional harm.").

On the specific issue of whether a party's mental state is at issue when the plaintiff seeks only "garden variety" damages in a Title VII discrimination case, the parties have cited no controlling case law and the Court has found none. Defendants do, however, cite unpublished but factually-indistinguishable case law from other circuits where courts have held the plaintiff's medical records relevant and discoverable. See Combe v. Cinemark USA, Inc., No. 1:08-cv-142 TS, 2009 WL 3584883, at *2 (D. Utah Oct. 26, 2009), Wooten v. Certainteed Corp., Nos. 08-2508-CM, 08-2520-CM, 2009 WL 2407715, at *2 (D.

Kan. Aug. 4, 2009). While this Court is not required to follow these cases, it finds them persuasive.

In this case, Plaintiff's mental state is at issue for purposes of discovery because her emotional suffering is germane to the calculation of damages she requested in her complaint. For example, Plaintiff seeks compensatory and punitive damages because she "suffered and will continue to suffer serious mental anguish and extreme emotional distress" (Compl. ¶ 18) that "interfered with [her] . . . psychological well-being" (Compl. ¶ 16). She further alleges that Defendants' actions caused her "physical injury and emotional distress." Compl. ¶ 29. Moreover, a significant proportion of the compensatory damages sought in this case appear grounded in emotional distress, as Plaintiff seeks only two weeks' lost wages and makes no claim for medical or mental disability or treatment.

Plaintiff's argument to the contrary is unpersuasive. In support of her contention that a party's mental state is not relevant to a "garden variety" Title VII case, Plaintiff cites Ruhlmann v. Ulster County Dep't of Social Services, 194 F.R.D. 445 (N.D.N.Y. 2000). There, the plaintiff brought a suit against his employer for disability discrimination under the Americans with Disabilities Act. When the defendants requested the medical records of the plaintiff's psychiatrist, the plaintiff claimed such records were protected by the common law

psychotherapist-patient privilege. The defendants countered that he waived his privilege because his mental state was directly at issue in the litigation. Id. at 448.

Thus, the question in Ruhlmann was answered within the context of a privilege waiver argument. "The psychotherapist-patient privilege, like the spousal and attorney client privileges, is rooted in the imperative need for confidence and trust." Id. at 451. On balance, therefore, the privacy interest advanced by the privilege weighs against a finding of waiver caused by mental-state relevancy. The factual threshold required to find a party's mental state at issue is thus higher in the privilege-waiver context than it may be elsewhere.[2]

Conversely, the animating premise of broad discovery—to wit, the litigants' interest in efficient truth-seeking[3]—weighs in favor of finding a wide spectrum of information relevant, including information regarding a party's alleged damages. As such, the analytical framework used to determine whether a

---

[2] Plaintiff has indicated she did not seek therapy from a mental health professional as a result of the alleged incidents. Nonetheless, if this order compels the production of responsive medical records that fall under the psychotherapist-patient privilege, Plaintiff may assert this privilege and produce a privilege log of requisite specificity in lieu of the documents. This Court, however, states no opinion here regarding the scope of that privilege in this case or whether Plaintiff has waived it for this lawsuit.

[3] See, e.g., Hickman, 329 U.S. at 507 ("Mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation.").

party's mental state is at issue in discovery is fundamentally different from that used in other contexts.[4]  Ruhlmann and similar cases involving the psychotherapist-patient privilege are therefore inapposite.

While Rule 26 demands disclosure of all relevant medical information, individuals still retain strong privacy interests in their medical records.  To mitigate the intrusion, Plaintiff has the option to amend her complaint and withdraw her request for emotional distress damages.  In the alternative, the parties may stipulate to a protective order constraining the universe of individuals with access to the records.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Compel Discovery Responses will be granted.  A separate order will issue.

/s/
William M. Nickerson
Senior United States District Judge

September 8, 2010

---

[4] Plaintiff's argument may be more persuasive within the context of a motion to compel a Rule 35 independent mental examination, where some courts have held a party's mental state is not "in controversy" in "garden variety" Title VII litigation.  See, e.g., Turner v. Imperial Stores, 161 F.R.D. 89, 97 (S.D. Cal. 1995).  Here, too, the analytical framework is different and unburdened by Rule 26's commanding rationale in favor of broad discovery.