```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

STEPHANIE LEE CARR,              *
                                 *
          v.                     *   Civil Action WMN-10-CV-0230
                                 *
DOUBLE T DINER et al.            *

     *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM

Before the Court are two motions filed by Defendants seeking protective orders. The first motion involves two deponents, John Korologos and Arnold Jablon, who Defendants claim have no knowledge of the underlying facts. Paper No. 18. The second motion pertains to the scope of a Rule 30(b)(6) deposition. Paper No. 26. The parties have fully briefed both motions. Upon review of the pleadings and applicable case law, the Court determines that Defendants' motion regarding Korologos and Jablon will be denied, and Defendants' motion regarding the Rule 30(b)(6) deposition will be granted in part and denied in part as set forth below.

**I.   BACKGROUND**

This is a Title VII sexual discrimination action. Plaintiff Stephanie Carr alleges she was compelled to resign from her position as a waitress at a Double T Diner after her manager, Spyros Korologos, sexually assaulted and harassed her at work in May 2007. Ostensibly, Carr was employed by Double T

Diner, but the restaurant at which she worked was in fact owned by Defendant TJL, Inc. (TJL). Directly at issue in this case is whether TJL and other companies related to the operation of Double T Diners in Maryland are part of an integrated enterprise or single employer for purposes of Title VII liability. Defendants argue TJL is independent from other Double T Diner-related business entities, but Carr seeks further discovery into the question. To that end, Carr issued deposition notices for: (1) John Korologos (Korologos), who has ownership interests in Double T Diner-related entities and may have exercised control over TJL in the past; (2) Arnold Jablon (Jablon), a lawyer charged with overseeing sexual discrimination policies and training at TJL and possibly other Double T Diners; and (3) a Rule 30(b)(6) witness who has knowledge regarding the ownership structure of Double T Diner-related entities, including TJL; Koros, LLC, Koros, Inc.; Lagadinos, Inc.; Korologos, Inc.; and Bouzianis, Inc.

Defendants object to the deposition of Korologos because they claim he has no personal knowledge of Carr's claim. They also object to the deposition of Arnold Jablon, because he is a lawyer who has provided legal advice to TJL yet has no personal knowledge of the events giving rise to this lawsuit. Finally, Defendants object to the scope of Carr's proposed Rule 30(b)(6) deposition, because they argue information regarding entities

2

other than TJL is not relevant to the instant case. Defendants therefore seek protective orders precluding or limiting all three of these depositions.

## II. ANALYSIS

Federal Rules of Civil Procedure 26(b) and 30(a) allow a party to depose any person who has information relevant to any party's claims or defenses. Rule 45 provides a means to compel such testimony by subpoena if it is contested. Fed. R. Civ. P. 45(a). The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case. Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D.W. Va. 2000) (citing Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 350 (1978)). This is particularly true in discrimination cases. See, e.g., Etienne v. Mitre Corp., 146 F.R.D. 145, 148-49 (E.D. Va. 1993). Nevertheless, a party from whom discovery is sought may move for a protective order to avoid a deposition, and courts may issue such orders to protect a person from annoyance, embarrassment or undue burden. Fed. R. Civ. P. 26(c).

At the core of the instant disputes is a question of whether Carr is entitled to pursue a theory that TJL operated as part of an "integrated enterprise" or "single employer." Courts routinely interpret the term "employer" under Title VII liberally, such that employees may sometimes join as defendants

3

in discrimination lawsuits parent or wholly-owned subsidiary corporations, or separate corporations that operate under common ownership and management.  <u>Tawwaab v. Virginia Linen Service, Inc.</u>, ___ F. Supp. 2d ___, ___, 2010 WL 3000801, at *5 (D. Md. July 28, 2010).  To determine whether two or more entities constitute a "single employer," courts consider: (1) the interrelation of the entities' operations; (2) whether the entities share management; (3) whether the entities share labor relations control; and (4) whether the entities share ownership and financial control.  <u>Id.</u>

Defendants argue TJL operates and is managed independently from other businesses, including other Double T Diner-related businesses.  In addition, Defendants claim Plaintiff is barred from pursuing a "single employer" theory because she neither named all Double T Diner-related businesses in her EEOC complaint, nor joined the other entities as defendants in this lawsuit.  As the date set forth for joining new parties in this case's original scheduling order has lapsed, Defendants argue Carr cannot join them now.

Inherent in these discovery disputes is the uncertainty surrounding TJL's ownership and management structure.  To prevent Carr from investigating the ownership structure of her employer would be to prevent her from knowing whom to sue.  Where information supporting a "single employer" theory comes to

light through the course of discovery, a plaintiff may rely upon such evidence and join parties necessary to support the theory, so long as the plaintiff has good cause to do so.[1]  See id. at *6; EEOC v. AMX Communications, Civil No. WDQ-09-2483, 2010 WL 2651570, at *4-*6 (D. Md. June 30, 2010).  Thus, Carr is entitled to investigate and seek discovery regarding TJL's management and ownership.

### A. John Korologos

Plaintiff contends that Korologos may have information relevant to the corporate structure of TJL and other Double T Diner-related business entities.  Such information is relevant to whether TJL and other related business operate as a "single employer" as the term is used in Title VII litigation.  Defendants, however, counter that Korologos has no ownership interest in TJL, is not employed by TJL, and has no personal knowledge of Plaintiff's allegations.  Furthermore, Defendants claim Korologos is a busy business executive whose deposition is barred by the "apex" deposition rule, which has never been discussed much less adopted by the Fourth Circuit, though other courts have applied the rule and it is noted in various

---

[1] The Court expresses no opinion at this time whether Carr would be entitled to join new parties pursuant to a scheduling order modification under Rule 16(b)(4).  In the event she discovers information rendering viable her "single employer" theory and wishes to join additional parties to this lawsuit, she must move the Court for leave to do.  The Court will amend its scheduling order upon a showing of good cause.

5

treatises.  See, e.g., Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 125 (D. Md. 2009); 8 Charles Alan Wright et al, Federal Practice and Procedure, § 2037 (2d ed. 2009) ("A witness cannot escape examination by claiming that he has no knowledge of the relevant facts, since the party seeking to take the deposition is entitled to test his lack of knowledge, but a different result is sometimes reached when the proposed deponent is a busy government official, or a very high corporate officer unlikely to have personal familiarity with the facts of the case.").

Despite Defendants' protestations, Plaintiff has set forth a number of facts that indicate Korologos may have relevant knowledge of the corporate structure of TJL and other Double T Diner-related enterprises.  Among other facts, it appears Korologos was one of three original founders of TJL, he formerly exercised a measure of control over TJL personnel decisions, and he may be involved in other closely-related businesses.  If, for example, Korologos has an ownership or management stake in a business or businesses that own TJL, he may well have knowledge important to Plaintiff's "single employer" theory.  Moreover, even if he does not, Plaintiff has a right to explore his lack of knowledge to confirm or rebut her theory of the case.  Accordingly, Defendants' motion for a protective order as to Korologos will be denied.

**B.  Arnold Jablon**

Carr seeks to depose Arnold Jablon as a fact witness. Jablon does not represent TJL in this litigation, but he has previously provided legal advice to TJL.  The Federal Rules of Civil Procedure do not prevent the deposition of another party's lawyer, so long as the deposition seeks relevant, nonprivileged information.  See Fed. R. Civ. P. 26(b)(3) and 30(a). Nevertheless, courts view skeptically efforts to depose an opposing party's attorney, especially when the subject matter of the deposition may be intertwined with potentially privileged information, and such depositions are typically permitted only when the information sought is not available from another source.  See, e.g., E.E.O.C. v. McCormick & Schmick's Seafood Restaurants, Inc., Civil No. WMN-08-0984, 2010 WL 2572809, at *2-*4 (D. Md. June 22, 2010); N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 86 (M.D.N.C. 1987).  Yet, where, as here, the attorney is a fact witness, his or her deposition may be "both necessary and appropriate."  N.F.A., 117 F.R.D. at 85 n.2.

In this case, Carr argues Jablon is a fact witness with knowledge regarding TJL's role in an integrated enterprise and TJL's sexual harassment policy.  Jablon is responsible for conducting sexual harassment training for Double T Diner-related entities, and he may also be responsible for investigating and

responding to certain employee complaints. Information regarding TJL's harassment policy is directly relevant to Carr's Title VII discrimination claim. In addition, Jablon may have knowledge of centralized labor relations controls utilized by Double T Diner-related businesses, a factor relevant to Carr's integrated enterprise theory. Thus, Carr must be permitted to depose Jablon as a fact witness, provided the deposition steers safely clear of privileged information, and the Court will therefore deny Defendants' motion regarding Jablon's deposition. Once the deposition commences, Defendants may object to any question they believe in good faith implicates privileged information.

## C. **The Rule 30(b)(6) Deposition**

To investigate further Carr's "single employer" theory and better understand the financial condition of TJL and any company that controls TJL, Carr seeks to depose a witness of Defendants' choice under Rule 30(b)(6). The scope of such depositions is governed by Federal Rules of Civil Procedure 26(b) and 30(b) and is limited to relevant information known or reasonably available to the organization. The rules explicitly contemplate depositions of named party organizations and nonparties alike.

Carr's deposition notice to TJL includes the following four topics she seeks to cover:

(1) The ownership history and structure of TJL, Inc.

(2) The ownership history and structure of TJL, Inc., Koros, LLC, Koros, Inc., Lagadinos, Inc. and Bouzianis, Inc.

(3) The relationship between TJL, Inc., Koros, LLC, Koros, Inc., Lagadinos, Inc. and Bouzianis, Inc.

(4) The financial structure and condition of TJL, Inc. since its formation.

In addition, Carr seeks documents regarding:

(1) The corporate stock ledgers and stock certificates for TJL, Inc., Koros, LLC, Koros, Inc., Lagadinos, Inc. and Bouzianis, Inc.

(2) All financial records of TJL, Inc. from January 1, 2007 to date, including among other things TJL's tax returns and financial statements.

(3) All documents relating to the financial structure and condition of TJL, Inc. since its formation.

Defendants object to this notice arguing that (1) the deposition's proposed scope is overly broad and includes information not relevant to the lawsuit, and (2) it seeks information regarding other corporate entities not reasonably available to TJL.

Defendants' relevancy argument begs the question and is premised upon the notion that TJL is not part of a larger integrated enterprise, a conclusory declaration unsupported at

9

this stage in discovery.  Whether TJL and other Double T Diner-related entities are an integrated enterprise is germane to Carr's cause of action and therefore relevant, and Carr is entitled to discovery on that issue.  Defendants, however, raise additional concerns regarding the temporal scope of Carr's request.  TJL's financial condition and its status in an integrated enterprise prior to the period in 2007 when Carr was employed at the Double T Diner has no bearing on Carr's theory of liability or any potential damages she may seek.  Thus, financial and ownership information predating 2007 is irrelevant to the instant action.  Deposition topics 1, 2, and 4, and document request 3, as listed above, will therefore be constrained to include only information from 2007 onward.

In addition to their relevancy argument, Defendants also claim that the information requested is not reasonably available to TJL.  This argument is unpersuasive based upon the pleadings. In Defendants' motion seeking a protective order, they attached the affidavit of TJL's accountant, Nick Smyrnioudis.  The affidavit stipulates that Mr. Smyrnioudis provides "corporate, financial and accounting services to: TJL, Inc. . . . and other legal entities that own and operate Double T Diners in Maryland."  Paper No. 26, Ex. G.  The affidavit also supplies information regarding the relationship among the business entities at issue, yet Defendants proffer no reason why Mr.

Smyrnioudis or a similarly-situated individual cannot expound upon the descriptions contained therein at deposition. Indeed, such information seems readily available to TJL. Defendants' motion to narrow the scope of the Rule 30(b)(6) deposition will therefore be granted insofar as Plaintiff will be barred from seeking financial and ownership information predating January 1, 2007, but otherwise Defendants' motion will be denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for a protective order regarding the depositions of John Korologos and Arthur Jablon will be denied, and Defendants' motion for a protective order narrowing the scope of the Rule 30(b)(6) deposition will be granted in part and denied in part. A separate order will issue.

                                      /s/
                             William M. Nickerson
                             Senior United States District Judge

November 2, 2010